# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:08cv193

| | |
|---|---|
| HAL O. HERMAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 13] and the Defendant's Motion for Judgment on the Pleadings [Doc. 15].

## I.   PROCEDURAL HISTORY

The Plaintiff Hal O. Herman filed an application for disability insurance benefits on June 4, 2003, alleging that he had become disabled as of July 1, 1974. [Transcript ("Tr.") 58-59]. On June 10, 2003, he amended his application to state that he became disabled as of November 30, 2001. [Tr. 56] The Plaintiff's application was denied initially and on reconsideration. [Tr. 28-31, 34-35]. A hearing was held before Administrative Law Judge ("ALJ")

D. Kevin Dugan on December 13, 2006. [Tr. 260-282]. On March 15, 2007, the ALJ issued a decision denying the Plaintiff benefits. [Tr. 13-21]. The Appeals Council received and added to the record additional evidence [Tr. 7], but denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Tr. 4-6]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than

2

creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's

physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled.  Id.  Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience.  Id.  Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past.  If the claimant can still perform that work, then a finding of not disabled is mandated.  Id.  Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work.  If so, then the claimant is not disabled.  Id.  In this case, the ALJ's determination was made at the second step.

**IV. FACTS AS STATED IN THE RECORD**

The Plaintiff was born on July 21, 1950 and was 56 years old at the time of the ALJ's hearing.  [Tr. 58, 260].  The Plaintiff received a high school diploma and a two-year degree in recreation administration that he obtained after his military service and that took him four years to complete.  [Tr. 263].

He is a Vietnam combat veteran, having served in the Army from 1968 to 1971. [Tr. 50]. Plaintiff was granted full disability benefits based upon individual unemployability due to post-traumatic stress disorder (hereinafter, "PTSD") by the Veterans Administration on August 18, 2003. [T. 50-54]. He was previously granted 50% VA disability benefits on March 27, 2002 and 30% disability prior to that, both for the PTSD. [T. 50]. Plaintiff notes that such compensation renders him financially ineligible for Supplemental Security Income benefits during the periods in which paid. [Doc. 14-2].

His past relevant work includes work as in heating and air conditioning. [Tr. 264]. His work history is significant for his having 29 jobs, including four periods of self-employment, from June 1970 through 2003. [T. 161]. In October 2003, he described his work history to Dr. Patrick B. Mullen who recounted it this way: "[H]e always tried to stay busy and...employed, but often just quit his jobs because he could not take it any more. No one ever worked to his standards. The only thing he ever enjoyed was emergency HVAC work that had been too difficult for anyone else to fix. Routine maintenance simply bored him." [Id.]

Plaintiff claims he is disabled by PTSD, with an onset alleged at July 1, 1974 [T. 58] and a date last worked in 1996. [T. 278-9]     The Plaintiff's date

last insured (hereinafter, "DLI") is a key feature of this case; the ALJ found, and the Plaintiff does not contest, that the date last insured is June 30, 1996. [T. 20, Doc. 14-4]. Plaintiff's evidence of mental impairments on and before that date is as follows: Rutherford Family Practice was his primary care physician providing medical records for January 1994 through April 2003. The only reference therein to any sort of mental health issue before the DLI is a mention of stress due to job changes. [T. 157-9, 157]. No reference to any severity or limitations therefrom appears. Those notes indicate a three-year gap from March 1999 to March 2002 in which Plaintiff had no doctor visits about which any evidence was presented. [T. 158]. He initiated care with the Veterans Administration Medical Center in Asheville in March 2003, and notes from then on include what is apparently the initial diagnosis of PTSD. The notes regularly reflect PTSD symptoms, anxiety, depression, substance abuse, and trials of medications to manage these issues. [T. 170-213]. Evidence of record including the VA Rating Decision of August 18, 2003 indicates Plaintiff was variously assessed with and treated via counseling and medication for PTSD symptoms and related psychological issues at the Fargo, North Dakota VAMC and the Asheville VAMC with some consistency after 2002. [T. 50-54,170-213]. Plaintiff's military personnel

records from his period of active service in the late 1960s and early 1970s do not evidence any psychological issues. [T. 64-76]. He received a private psychological evaluation by Dr. Patrick B. Mullen in 2003 [T. 160-162] and an updated evaluation in November 2006 [T. 255-256]. Dr. Mullen notes Plaintiff's PTSD condition and records these comments that relate to periods prior to the DLI: "[Plaintiff']s job in Vietnam...was operating a radio for a special forces unit of the 75th Ranger Regiment.....he was also in full combat gear and calling in helicopters as well as commanding helicopters later. He told me that he had been in combat almost every day the entire time he was there." The doctor opined that "I believe that Mr. Herman's PTSD prevented him from gainful employment back at least a year before I saw [him] in October of 2003. I think that is reasonable and it fits perfectly with the known course of chronic severe PTSD in other veterans." Regarding back Social Security taxes from 1996, he notes,

> "[o]bviously, he was not totally disabled for he did work enough to make an income that justified those taxes. . . . [Symptoms of PTSD] were just not at a level severe enough to stop him from working completely ...[but were]...severe enough to make his cash flow unmanageable for him. At that time he was not getting any psychiatric care whatsoever and if he had been seeing a psychiatrist I suspect they would have counseled him to seek some kind of disability much sooner than he actually did." [T. 255-6].

State Agency consultant Elizabeth Anton, Psy. D. reviewed Plaintiff's records and performed a Psychiatric Review Technique on June 3, 2004. [T. 141-154]. She found insufficient evidence existed to substantiate the presence of his alleged affective disorder as defined at Listing 12.04 or anxiety-related disorder as defined at Listing 12.06. [T. 141]. She then found insufficient evidence to substantiate any functional limitations therefrom. [T. 151-2].

## V. THE ALJ'S DECISION

On March 15, 2007, the ALJ issued a decision denying the Plaintiff's claim. [Tr. 12-18]. Before engaging in the sequential evaluation, the ALJ determined the Plaintiff's date last insured ("DLI"). Upon reviewing the Plaintiff's earnings record, the ALJ concluded that the Plaintiff had earned sufficient quarters of coverage to remain insured for disability insurance benefits through June 30, 1996. [Tr. 20]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff had not engaged in any substantial gainful activity since his alleged onset date. [Tr. 13]. The ALJ then found that the medical evidence did not establish any impairment, alone or in combination, as severe. [Tr. 21]. Accordingly, the ALJ concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from what he

noted as the alleged onset date, December 31, 1990, through the date of the Plaintiff's DLI, June 30, 1996. [Tr. 21].

## VI. DISCUSSION

The Plaintiff argues that the ALJ erred in concluding that his PTSD was not a severe impairment.

The date of the finding is, however, crucial in this case. It was incumbent upon the Plaintiff to establish that he became disabled on or before his date last insured, June 30, 1996. 42 U.S.C. § 423(a)(1)(A), (c)(1).

At step 2, Plaintiff must show the existence of a medically determinable impairment, and then show it is severe. 20 C.F.R. 404.1520(a)(4)(ii). "[An] impairment must result from .... psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. 404.1508. "A ....mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms." Id.

Neither a diagnosis nor anything medically noted as symptoms of PTSD appear in any medical record Plaintiff has put in evidence until the year 2003. The record does not demonstrate that any mental health professional started a treating relationship with Plaintiff before 2003.

9

All psychological evaluations Plaintiff underwent were 7 or more years after that date last insured. The statement of Dr. Mullen relied upon by Plaintiff only ties the PTSD back to 2002, not the relevant date of 1996. Plaintiff presented to the Appeals Council Dr. Mullen's 2006 opinion attempting to relate PTSD back to 1996 by characterizing the existence of a "natural progression" of PTSD and implying that the 2006 PTSD condition he personally observed is a point on that "natural progression" that necessarily indicates it was disabling in 1996. Such relation back, however, was unsupported by any documentation or basis therefor. The standard of review does not permit the Court to afford weight to conclusory opinions of that nature.

The evidence Plaintiff points to as establishing a medically determinable impairment is entirely too remote in time from the date last insured to be considered relevant. 20 C.F.R. § 404.1527. It cannot be said that even a scintilla of evidence existed to indicate the existence of a medically determinable impairment as of the relevant date. The only step 2 conclusion supported by the record is that made by the ALJ.

## VII. CONCLUSION

For the foregoing reasons, the Court concludes that the Commissioner applied the correct legal standards and that there is substantial evidence to support the Commissioner's determination that the Plaintiff was not disabled before his date last insured, June 30, 1996, within the meaning of the Social Security Act.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 13] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 15] is **GRANTED**; and the Commissioner's decision is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**, and judgment shall issue simultaneously herewith.

**IT IS SO ORDERED.**

Signed: February 12, 2010

Martin Reidinger
United States District Judge